**Sarah Jane SILLS, Plaintiff,**
**Plummer M. Shearin, Intervening**
**Plaintiff,**

v.

**KLINE PAPER STOCK COMPANY,**
**Defendant.**

**Civ. A. No. 2412–63.**

United States District Court
District of Columbia.

Feb. 16, 1965.

Lawrence S. Schaffner, Washington, D. C., for plaintiff.

Patrick C. McKeever, Rockville, Md., for intervening plaintiff.

Richard P. Meyer, Washington, D. C., for defendant.

HOLTZOFF, District Judge.

This is an action for a declaratory judgment for the construction of a provision in a contract.

The plaintiff's deceased husband entered into a contract with the defendant corporation whereby he agreed for a

period of five years to abstain from engaging in competition with the defendant corporation within a certain area defined in the contract. In consideration of this agreement the defendant agreed to pay to the plaintiff's husband for a period of five years the sum of $12,000 a year payable in monthly instalments. The contract further provided:

"In the event that Sills [i. e. plaintiff's husband] should die during such five year period the payment provided for in Paragraph 2 above shall be made to his survivor or to his estate."

This action presents for decision a question as to the construction of the last mentioned provision. About two years after the making of the contract plaintiff's husband died and the question is to whom the remaining payments should be made. The defendant is ready and willing to pay the amounts due as they accrue but desires a determination of the person to whom the payments should be made.

The widow brings this suit against the defendant for a declaratory judgment, claiming and contending that the contract should be construed to the effect that the plaintiff, as the survivor of the deceased, is entitled to the payments. The husband's executor intervened as a party plaintiff and contends that the payments should be made to the husband's estate. The defendant has filed an answer stating that in view of the ambiguity contained in Paragraph 4 of the agreement, it seeks a declaration by the Court as to whom this money should be paid and that in the meantime the money is being held in escrow. It further states that the defendant is ready, willing and able to pay the money as and when it becomes due.

■ The Court is of the opinion preliminarily that an action for a declaratory judgment was properly brought because there is obviously a justiciable controversy between the plaintiff and the intervenor as to who is entitled to the money. This controversy is actually existing at the present time because some of the money is due. To be sure, it would have been possible for the plaintiff to bring suit to recover the money from the defendant. The corporation could have interpleaded the estate. The mere fact, however, that there is another remedy does not exclude an action for a declaratory judgment.

■ Coming now to the merits of the case, the contract, as stated before, provides that in the event that Sills should die during the five-year period, the payments provided by the contract "shall be made to his survivor or to his estate." First, the Court construes this clause as not meaning that the payments may be made to either the survivor or to the estate at the defendant's election. The latter does not claim the right to make any such election. The Court construes this provision as meaning that the payments shall be made to the survivor, and in the absence of any survivor, to the estate. The question then is who is the survivor.

■ The deceased left a widow him surviving, as well as a minor son. The word "survivor" is not a word of art. Members of the immediate family of a deceased person are commonly regarded as his survivors. Using the term in its ordinary sense, both the widow and the son are survivors, one a survivor of her husband and the other a survivor of his father. The fact that the word "survivor" is used in the singular is not necessarily determinative or even significant, because it is a well recognized canon of construction that the singular may be construed as plural or *vice versa*, where the context so requires.

Consequently, the Court will construe the word "survivor" as meaning "survivors", plural. Therefore the Court is of the opinion that both the mother, that is, the plaintiff, and her son are survivors and each is entitled to one-half of the payments. The contract is construed accordingly.

Counsel may submit a proposed judgment in accordance with this conclusion.